■ AMRITA DOUGLAS, Appellant, v RICHARD DOUGLAS et al., Respondents. [690 NYS2d 588] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about March 19, 1998, granting defendants' motion to dismiss the complaint and denying plaintiff's cross-motion for, *inter alia*, partial summary judgment, unanimously modified, on the law and the facts, to the extent that the dismissal of the complaint is without prejudice and, except as thus modified, affirmed, without costs or disbursements. Appeal from order of the same court and Justice, entered on or about March 19, 1998, denying plaintiff's motion for, *inter alia*, a preliminary injunction, unanimously dismissed, without costs or disbursements, as academic.

This action, by which plaintiff seeks to rescind a stipulation of settlement entered into by the parties in the context of an underlying matrimonial action and which stipulation was subsequently incorporated, but not merged, into a December 11, 1997 divorce judgment, is premature. The asserted ground for vacatur is a provision in the agreement rendering it null and void in the event that the plaintiff wife is unable to repurchase the parties' cooperative apartment from Citibank, which held and exercised its security interest in the parties' cooperative shares and proprietary lease with respect to the apartment. Plaintiff contends that the cooperative board's rejection, "at this time", of her application to purchase the unit in question, based on "the incomplete state of the application and lack of financial wherewithal," triggers the provision rendering the agreement a nullity.

The issue of the cooperative board's rejection of plaintiff's application is squarely at issue in a pending declaratory judgment action brought by the cooperative corporation against plaintiff. Invocation of the provision rendering the settlement agreement null and void should await disposition of the declaratory judgment action. Since this action is premature, we modify the dismissal so that it is without prejudice to a new action after disposition of the declaratory action. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ.